## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

Randy Teinert,                                        Civil No. 10-4313 (DWF/JJK)

          Plaintiff,

v.                                                    **MEMORANDUM
                                                      OPINION AND ORDER**

Rashid Abdhallah, also known as Rick,
and Mark Davis,

          Defendants.

---

Randy Teinert, *Pro Se*, Plaintiff.

Jeffrey D. Schiek, Esq., and Philip G. Villaume, Esq., Villaume & Schiek, P.A., counsel for Defendants Rashid Abdallah and Mark Davis.

---

### INTRODUCTION

This matter is before the Court on a Motion to Dismiss brought by Defendants Rashid Abdallah and Mark Davis (Doc. No. 3), a Motion for Sanctions brought by Defendants Rashid Abdallah and Mark Davis (Doc. No. 23), and a Motion for Leave to Amend brought by Plaintiff Randy Teinert (Doc. No. 28.)  For the reasons stated below, the Court grants Defendants' Motion to Dismiss and denies both Defendants' Motion for Sanctions and Plaintiff's Motion for Leave to Amend.

### BACKGROUND

On or about October 21, 2010, Plaintiff filed this lawsuit against Abdallah, Davis, Theresa Johnson (Internal Revenue Agent), B. Todd Jones (United States Attorney for the

District of Minnesota), and Eric Holder, Jr. (Attorney General for the United States of America).   Pursuant to the stipulation of the parties, the Court dismissed without prejudice all claims against Theresa Johnson, B. Todd Jones, and Eric Holder, Jr., for lack of subject matter jurisdiction.   (Doc. No. 32.)   The only remaining claim before the Court is Plaintiff's fraud claim (Third Cause of Action) which is asserted against Abdallah and Davis.

## DISCUSSION

### I.   Legal Standard

In deciding a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a court assumes all facts in the complaint to be true and construes all reasonable inferences from those facts in the light most favorable to the complainant.   *Morton v. Becker*, 793 F.2d 185, 187 (8th Cir. 1986).   In doing so, however, a court need not accept as true wholly conclusory allegations, *Hanten v. Sch. Dist. of Riverview Gardens*, 183 F.3d 799, 805 (8th Cir. 1999), or legal conclusions drawn by the pleader from the facts alleged. *Westcott v. City of Omaha*, 901 F.2d 1486, 1488 (8th Cir. 1990).   A court may consider the complaint, matters of public record, orders, materials embraced by the complaint, and exhibits attached to the complaint in deciding a motion to dismiss under Rule 12(b)(6). *Porous Media Corp. v. Pall Corp.*, 186 F.3d 1077, 1079 (8th Cir. 1999).

To survive a motion to dismiss under Rule 12(b)(6), a complaint must contain "enough facts to state a claim to relief that is plausible on its face."   *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 579 (2007).   Although a complaint need not contain "detailed

factual allegations," it must contain facts with enough specificity "to raise a right to relief above the speculative level."  *Id*. at 555.   As the United States Supreme Court recently reiterated, "[t]he threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," will not pass muster under *Twombly*.  *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. at 555).   In sum, this standard "calls for enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of [the claim]."  *Twombly*, 550 U.S. at 556.

## II.    Fraud Claim

Plaintiff claims that after receiving a notice of audit from the Internal Revenue Service ("IRS"), he contacted Abdallah on a friend's recommendation.   (Compl. ¶¶ 21, 24.)   Plaintiff asserts that Abdallah represented that he was a certified public accountant ("CPA"), a specialist in IRS audits, and a colonel in the U.S. Marine Corps.   (*Id*. ¶ 4, 24.) Plaintiff asserts that he was impressed with Abdallah's credentials, flew to meet him in Florida, and retained his services.   (*Id*. ¶¶ 24, 25.)   Plaintiff asserts that Abdallah was not responsive and was only interested in Plaintiff referring more clients to Abdallah.   (*Id.* ¶¶ 29, 32.)

In September 2010, Plaintiff received a letter from the IRS, along with a letter from Davis, an attorney who did business at the same address of Abdallah.  (*Id*. ¶¶ 5, 33.)   The IRS was requesting a meeting with Plaintiff and his wife, and Davis responded to the IRS indicating his availability for such a meeting.   Plaintiff was surprised that Davis had

responded because he had never met Davis and thereafter lost his confidence that Abdallah was going to take care of his IRS matter.   (*Id*. ¶¶ 34, 35.)

Plaintiff asserts a single fraud claim against Abdullah and Davis.   Defendant moves to dismiss Plaintiff's Complaint for failing to plead with particularity and failure to state a claim.

Federal Rule of Civil Procedure 9(b) provides:

> In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake.   Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally.

Fed. R. Civ. P. 9(b).   To satisfy this rule, a pleading that alleges fraud must set forth the "who, what, when, where, and how" of the alleged fraud.   *See Parnes v. Gateway 2000, Inc.*, 122 F.3d 539, 550 (8th Cir. 1997).   To state a claim for common law fraud, Plaintiff must allege:

> (1) there was a false representation by a party of a past or existing material fact susceptible of knowledge; (2) made with knowledge of the falsity of the representation or made as of the party's own knowledge without knowing whether it was true or false; (3) with the intention to induce another to act in reliance thereon; (4) that the representation caused the other party to act in reliance thereon; and (5) that the party suffered pecuniary damage as a result of the reliance.

*Specialized Tours, Inc. v. Hagen*, 392 N.W.2d 520, 532 (Minn. 1986).

The Court concludes that Plaintiff's Complaint fails to state a claim for fraud against Abdallah and Davis.   Plaintiff fails to plead the elements of his fraud claim with the required particularity because he does not sufficiently allege the "who, what, when, where, and how" of his fraud claim.   Instead, Plaintiff alleges generally that Abdallah

misrepresented his status as a CPA and as a member of the Armed Forces, but fails to allege any specific representation upon which Plaintiff reasonably relied to his detriment.

In his opposition to Defendants' motion to dismiss, Plaintiff further explains that he paid Abdallah $20,000 for his services.   Plaintiff also asserts that the proper remedy here would be to allow him to amend his complaint.   Indeed, Plaintiff filed a Motion for Leave to Amend his Complaint the day before the hearing on this matter.   In that motion, Plaintiff asserts that Abdallah "may have been masquerading as a member of the United States Armed Forces in order to obtain money from unsuspecting civilians . . . as part of his fraudulent conduct."   (Doc. No. 28 at 2.)   Abdallah also submits a proposed Amended Complaint that alleges that he sent Abdallah a total of $20,000 to work on his IRS matter and that he eventually learned that Abdallah took his money without providing results.   Even if the Court were to consider the proposed allegations, Plaintiff's fraud claim would still fail on the face of the complaint because the proposed allegations also fail to allege any specific representation upon which Plaintiff reasonably relied to his detriment.[1]

---

[1]   Federal Rule of Civil Procedure 15(a) provides that leave to amend "shall be freely given when justice so requires."   Whether or not to grant leave to amend is entrusted to the sound discretion of the trial court.   *See, e.g., Niagara of Wisconsin Paper Corp. v. Paper Indus. Union Mgmt. Pension Fund,* 800 F.2d 742, 749 (8th Cir. 1986).   Denial of leave to amend may be justified by undue delay or where the amendment would be futile.   *See Ferguson v. Cape Girardeau County,* 88 F.3d 647, 651 (8th Cir. 1996).   Here, not only was Plaintiff's motion for leave to amend untimely, but the proposed amendments would be futile because they could not withstand a motion to dismiss.

Accordingly, the Court grants Defendants' motion to dismiss and dismisses Plaintiff's Complaint with prejudice.   Defendants have also filed a motion for sanctions, which the Court denies.

## CONCLUSION

Based on the files, records, and proceedings herein, and for the reasons stated above, **IT IS HEREBY ORDERED** that:

1. Defendants' Motion to Dismiss (Doc. No. [3]) is **GRANTED**.

2. Plaintiff's Motion for Leave to Amend (Doc. No. [28]) is **DENIED**.

3. Defendants' Motion for Sanctions (Doc. No. [23]) is **DENIED**.

4. Plaintiff's Complaint is **DISMISSED WITH PREJUDICE**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated:   April 6, 2011                     s/Donovan W. Frank
                                           DONOVAN W. FRANK
                                           United States District Judge